UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE FRANKLIN ONLEY, | No. 2:22-cv-01795-TLN-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| D. DAVIS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also filed a motion to proceed in forma pauperis and a motion for appointment of counsel. ECF Nos. 2, 3.

I. **Motion to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

II. **Screening Requirement**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

1    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
2    relief may be granted," or "seeks monetary relief from a defendant who is immune from such
3    relief." *Id.* § 1915A(b).
4        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
5    of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
6    plain statement of the claim showing that the pleader is entitled to relief, in order to give the
7    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
8    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
9    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
10   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
11   U.S. 662, 679 (2009).
12       To avoid dismissal for failure to state a claim a complaint must contain more than "naked
13   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
14   action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
15   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
16   678.
17       Furthermore, a claim upon which the court can grant relief must have facial plausibility.
18   *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
19   content that allows the court to draw the reasonable inference that the defendant is liable for the
20   misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
21   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
22   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
23   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
24   **III.  Screening Order**
25       Plaintiff alleges that, on August 8, 2018, a group of correctional officers including
26   defendants Davis and Dohoda conducted a search of plaintiff's cell during which Dohoda planted
27   a knife. Indicating the weapon, Davis told plaintiff, "That's yours." Davis then conducted a strip
28   /////

search of plaintiff in front of the other officers; Davis later subjected plaintiff to another strip search.

A few days later, defendant Rocha gave plaintiff a copy of a Rules Violation Report, presumably for possession of a weapon. Plaintiff told Rocha that he wanted to review video footage of the incident, but Rocha never returned with the footage. Plaintiff claims that Davis and Dohoda destroyed the footage and that, as a result, both the prison rules violation charge and a criminal prosecution against plaintiff based on the incident were dismissed.

According to plaintiff, defendant John Doe, a mailroom employee, failed to send out plaintiff's habeas petition to the California Supreme Court during this time. Plaintiff claims that this action was intentionally done to retaliate against plaintiff for getting the rules violation charge and the criminal prosecution dismissed.

For the purposes of § 1915A screening, plaintiff has stated potentially cognizable claims against defendants Davis and Dohoda for violating his due process rights. *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) ("[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government.").

Plaintiff has also stated a potentially cognizable claim against defendant Davis for violating his Fourth Amendment rights by conducting unreasonable strip searches. *Michenfelder v. Sumner*, 86- F.2d 328, 333-34 (9th Cir. 1988); *Thompson v. Souza*, 111 F.3d 694, 699 (9th Cir. 1997).

Lastly, plaintiff has stated a potentially cognizable retaliation claim against defendant John Doe. As the court cannot order service of the complaint on an unidentified defendant, plaintiff must seek the identity of this defendant through the discovery process. When plaintiff learns of the identity of John Doe, he may seek to file an amended complaint so that the court can accomplish service of the complaint on John Doe.

Plaintiff has not stated cognizable claims against defendants Davis and Dohoda for retaliation. To state a claim for retaliation in violation of the First Amendment, a prisoner must allege facts showing five elements: (1) that a state actor took some adverse action against him (2)

because of (3) his protected conduct, (4) that such action chilled his exercise of his First Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The plaintiff need not allege that his speech was actually inhibited or suppressed, but merely that the defendant's conduct was such as would chill or silence a person of ordinary firmness from future First Amendment activities. *Id*. at 568-69. Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). The complaint does not contain facts showing that Davis and Dohoda took an adverse action against plaintiff because of his protected conduct.

      Plaintiff has not stated cognizable claims against defendants Rocha, Kelly, or Anderson. Federal due process did not require Rocha to provide plaintiff with the video footage or require Kelly and Anderson to review the video footage before signing off on the Rules Violation Report (which is simply a statement of the charge, not an adjudication of guilt). *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) ("Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action."). That the conduct of these defendants may have violated prison policy or state prison regulations does not make the conduct actionable under § 1983. *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997) ("To state a claim for relief under section 1983, the Plaintiffs must plead two essential elements: 1) that the Defendants acted under color of state law; and 2) that the Defendants caused them to be deprived of a right secured by the Constitution and laws of the United States."); *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action). Plaintiff has articulated no other possible legal bases for his claims against Rocha, Kelly, and Anderson.

      Plaintiff may choose to proceed only with the claims identified as cognizable by this order. Alternatively, the court will provide plaintiff with an opportunity to amend his complaint

again to remedy his defective claims. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely to his federal allegations that "the form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

### IV. Motion for Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

### V. Conclusion

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's September 16, 2022 motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

/////

/////

5

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's September 16, 2022 motion for appointment of counsel (ECF No. 3) is DENIED.

4. Plaintiff's complaint states, for screening purposes, potentially cognizable due process claims against defendants Davis and Dohoda, a potentially cognizable Fourth Amendment claim against defendant Davis, and a potentially cognizable retaliation claim against defendant John Doe.

5. The following claims are dismissed with leave to amend within 30 days of service of this order: (1) retaliation claims against defendants Davis and Dohoda and (2) all claims against defendants Rocha, Kelly, and Anderson. Plaintiff is not obligated to amend his complaint.

6. Within thirty days, plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service on defendants at that time;

7. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: January 5, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE FRANKLIN ONLEY, | No. 2:22-cv-01795-EFB (PC) |
| Plaintiff, | |
| v. | <u>NOTICE OF SUBMISSION OF DOCUMENTS</u> |
| D. DAVIS, et al., | |
| Defendants. | |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____  proceed only with the claims identified in the court's screening order against defendants Davis, Dohoda, and John Doe;

OR

(2) _____  delay serving any defendant and file an amended complaint.

                                                                                _____

                                                                                                    Plaintiff

Dated: