UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE FRANKLIN ONLEY, | No. 2:22-cv-01795-WBS-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| D. DAVIS, *et al.*, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motion to compel (ECF No. 42) and defendants' motions to modify the schedule (ECF Nos. 47, 49).

**I.    The Motion to Compel**

Plaintiff argues that he served a first set of interrogatories and requests for admission on December 10, 2023, and a second set on January 30, 2024, and, as of the date of filing the motion to compel (February 20, 2024), he had not received responses from defendants. ECF No. 42. Defendants respond that a clerical error prevented timely response to the first set of discovery, but responses to both sets of discovery requests were eventually served. ECF Nos. 45, 48. Plaintiff apparently concedes that he did receive the responses. ECF No. 46. However, plaintiff argues that, because he served the second set of requests for admission on January 30, 2024, and defendants did not serve responses until March 27, 2024, defendants have deemed the requests admitted by not responding within 30 days of service. *Id.* *See* Fed. R. Civ. P. 36(a)(3). As there

1

is no dispute that all responses have been provided, and as plaintiff does not argue that the responses were substantively inadequate, the court will address only the question of whether defendants' responses to plaintiff's second set of requests for admission are deemed admitted.

Defendants argue that plaintiff's second set of requests for admission were not timely served, because the discovery and scheduling order set the deadline for serving discovery as January 12, 2024 (*see* ECF No. 39).  ECF No. 48.  However, during a March 11, 2024 call with plaintiff, defense counsel agreed to respond, with plaintiff's agreement to provide defendants with extra time to respond.  *Id.*

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 36(a)(3).  However, "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* R. 36(b).

Because there is no dispute that plaintiff has received responses to his discovery requests and because plaintiff has not responded to defense counsel's representation that the parties had an agreement concerning the late requests for admission and the responses thereto, the court denies the motion to compel and orders that defendants' responses to plaintiff's second set of requests for admission are not deemed admitted.

II.     **The Motions to Modify the Schedule**

Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent."  Courts considering a request to modify a schedule under Rule 16(b)(4) look primarily to the whether the party seeking modification could not reasonably meet the deadline despite his diligence. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).  While the focus is primarily on the moving party's diligence, "the existence or degree of prejudice to the party opposing the motion might supply additional reasons to deny" the requested modification.  *Id.*

2

Defendants originally sought to modify the schedule to permit the taking of plaintiff's deposition in mid-May. ECF No. 47. Before the court ruled on that motion, the deposition took place. Defendants have now filed a second motion to modify the schedule to allow time for review of the deposition, other work obligations of counsel, and counsel's planned vacation before dispositive motions become due. ECF No. 49.

Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent." Courts considering a request to modify a schedule under Rule 16(b)(4) look primarily to the whether the party seeking modification could not reasonably meet the deadline despite his diligence. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). While the focus is primarily on the moving party's diligence, "the existence or degree of prejudice to the party opposing the motion might supply additional reasons to deny" the requested modification. *Id.*

Defendants have shown good cause for modifying the schedule.

### III.  Order

Accordingly, it is hereby ORDERED that:

1. Plaintiff's February 20, 2024 motion to compel (ECF No. 42) is DENIED, and defendants are not deemed to have admitted plaintiff's second set of requests for admission;

2. Defendants' requests to modify the schedule (ECF Nos. 47, 49) are GRANTED, plaintiff's deposition is deemed timely, and the parties shall have up to and including August 6, 2024 to file dispositive motions. All other provisions of the court's discovery and scheduling order (ECF No. 39) remain in effect.

Dated: June 17, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE