UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE FRANKLIN ONLEY,<br><br>Plaintiff,<br><br>v.<br><br>D. DAVIS, et al.,<br><br>Defendants. | No. 2:22-cv-01795-WBS-EFB (PC)<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, is proceeding without counsel and in forma pauperis in this action brought pursuant to 42 U.S.C. § 1983. The gravamen of the case is that, in August 2018, correctional officers at High Desert State Prison (HDSP) conducted two unconstitutional strip searches of plaintiff, falsely charged him with possession of a weapon, and then retaliated against him by failing to mail his legal documents to the court. The operative First Amended Complaint (ECF No. 27, FAC) was determined to state the following potentially cognizable claims: due process claims against defendants Davis and Dohoda; a Fourth Amendment unreasonable strip search claim against Davis, and a First Amendment retaliation claim against defendants Davis and Harrod. ECF No. 29 at 2.

Before the court are multiple motions by plaintiff and both sides' motions for summary judgment.

1

I.      Pending Motions

Plaintiff filed a motion for partial summary judgment. ECF No. 50. Defendants opposed the motion (ECF No. 55), and plaintiff filed a reply (ECF No. 56).

Defendants then filed a cross-motion for summary judgment. ECF No. 57. Plaintiff sought and received three extensions of time to oppose that motion and was informed that after the final due date of December 15, 2024, no further extensions would be granted. ECF No. 76; *see* ECF No. 71. Though plaintiff did not oppose defendant's motion for summary judgment during the last four months of 2024, he filed multiple other motions.

A.  Plaintiff's Motion for Sanctions

On September 16, 2024, plaintiff filed a motion for sanctions against defendants for allegedly making a false statement in their answer. The allegedly false statement was defendants' denial that, "at all times relevant to the Complaint," defendant Harrod worked in the HDSP mailroom. ECF No. 61, citing ECF No. 37 at ¶ 3. Plaintiff asked the court to prohibit defendants from using Harrod's declaration in support of their motion for summary judgment. *Id*.

In opposition, defendants assert they did not make a false statement, but that Harrod began working in the HDSP mailroom two months after the relevant time period of plaintiff's allegations. ECF No. 72. Plaintiff filed a reply, ECF No. 74, but he has not identified any sanctionable conduct on defendants' part, such as submitting a pleading with an improper purpose or with no basis in the evidence. *See* Fed. R. Civ. Pro. 11(b). Plaintiff's motion for sanctions is wholly without merit and is denied.

B.  Plaintiff's Motion to Reopen Discovery

On September 26, 2024, plaintiff filed a motion to reopen discovery in order to seek information about potential new defendants and claims. ECF No. 63. Defendants opposed that motion, arguing that plaintiff failed to show good cause to reopen discovery. ECF No. 69. In reply, plaintiff asserts that he was diligent in seeking to reopen discovery, which (he asserts) closed in August 2024. ECF No. 73. However, from the docket, it appears that, with a few specific exceptions, discovery closed on March 8, 2024, and all written discovery requests were to be served by January 12, 2024. ECF No. 39. Plaintiff filed his motion to reopen discovery

several months beyond the deadline, after both parties had filed summary judgment motions.

The court generally has significant discretion and authority to control the conduct of discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(1)–(3). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

It is "significant" when a party is seeking a "retroactive reopening" of discovery rather than extending the discovery deadline. *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." *Id*. When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the court is to "consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Here, plaintiff has not shown good cause to reopen discovery. While trial is not imminent, defendants oppose the motion and would be prejudiced by reopening discovery after briefing two dispositive motions. Furthermore, plaintiff was not diligent in seeking additional discovery, nor has he shown that the open-ended discovery he seeks would likely lead to relevant evidence. Accordingly, this motion is denied.

  C. <u>Plaintiff's Motion for Extension of Time</u>

On December 19, 2024, plaintiff filed a motion for a fourth extension of time to oppose defendants' motion for summary judgment. ECF No. 77. Plaintiff was advised that no further extensions would be granted after December 15, 2024. ECF No. 76. Rather than focus his efforts

1  on opposing summary judgment, plaintiff has filed and briefed multiple other motions, which he
2  now cites as the reason for a fourth extension of time.  As plaintiff has not shown good cause for
3  a fourth extension of time, the court will deny this motion.

4      D. <u>Plaintiff's Motion for Disqualification</u>

5      Finally, plaintiff has filed a motion for disqualification of undersigned, citing the denial of
6  several of plaintiff's previous motions as indicative of prejudice against him.  ECF No. 78.

7      The standard for disqualification of a judge is established by 28 U.S.C. §§ 144 and 455.
8  Section 144 permits a party seeking disqualification to file a "timely and sufficient affidavit"
9  setting forth "the facts and reasons" for the party's belief that "the judge before whom the matter
10 is pending has a personal bias or prejudice either against him or in favor of any adverse party."
11 28 U.S.C. § 144.  The affidavit must "state facts and the reasons for the belief that bias or
12 prejudice exists."  *Id.*  When determining the legal sufficiency of the affidavit, "the factual
13 allegations in the affidavit must be accepted as true," although "general or conclusory allegations
14 will not support disqualification."  *United States v. Zagari*, 419 F. Supp. 494, 500–01 (N.D. Cal.
15 1976); *see also Hayes v. National Football League*, 463 F. Supp. 1174, 1179 (C.D. Cal. 1979)
16 ("Conclusory allegations ... do not justify disqualification.").  The potentially applicable provision
17 of § 455 provides: "Any justice, judge, or magistrate judge of the United States shall disqualify
18 himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. §
19 455(a).  The Supreme Court has held that "judicial rulings alone almost never constitute a valid
20 basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).

21     Here, plaintiff's motion consists entirely of conclusory allegations of prejudice, based on
22 unfavorable rulings in his case.  This is not an adequate basis for disqualification, and the motion
23 will be denied.

24     E. <u>Cross-Motions for Summary Judgment</u>

25     The court now turns to the parties' cross-motions for summary judgment.

26     Plaintiff has filed a motion for partial summary judgment on his due process claims
27 against Davis and Dahoda.  ECF No. 50.  He also argues for summary judgment on his retaliation
28 claims against Davis.  *Id.* at 7-8.  Plaintiff's motion is based on a purported list of undisputed

1  facts (ECF No. 50 at 11-12) that he argues entitles him to summary judgment on these claims.
2  Defendants counter that "none of Plaintiff's alleged facts are supported by evidence, and the
3  majority are inaccurate or immaterial." ECF No. 55 at 2.

4        Summary judgment is appropriate when it is demonstrated that there "is no genuine
5  dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
6  Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by
7  "citing to particular parts of materials in the record…." Fed. R. Civ. P. 56(c)(1)(A). In resolving
8  the summary judgment motion, the evidence of the opposing party is to be believed. *See*
9  *Anderson*, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed
10 before the court must be drawn in favor of the opposing party. *See Matsushita*, 475 U.S. at 587.
11 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
12 produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen*
13 *Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir.
14 1987).

15       Here, plaintiff cites as "undisputed facts" factual assertions that are plainly disputed.
16 Further, his factual assertions are unsupported by citations to evidence in the record, e.g.,
17 "Defendants D. Davis and A. Dahoda knew plaintiff was innocent because A. Dahoda
18 deliberately fabricated evidence." ECF No. 50 at 3. Or, in another example: "The defendant D.
19 Davis intercepted, withheld, and destroyed the plaintiff's legal mail." ECF No. 50 at 8. It is
20 important on summary judgment to focus on which party will bear the burden of proof at trial
21 over the factual issues in question. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885
22 (1990). Here, that burden falls on the plaintiff. And his conclusory assertions which are not
23 supported by evidence do not constitute undisputed, evidence-based facts for purposes of
24 summary judgment. *See* ECF No. 55-1 (defendants' response to plaintiff's undisputed facts). As
25 plaintiff has not provided undisputed evidentiary support for any § 1983 claim alleged in the
26 FAC, his motion for partial summary judgment must be denied.

27       On August 6, 2024, defendants filed their own motion for summary judgment on all
28 claims. ECF No. 57-1. As noted above, plaintiff was granted three extensions of time to oppose

5

1   this motion with the admonition that "no further extensions" would be granted after the December
2   15, 2024 deadline.  ECF No. 76.  To date, defendants' motion is unopposed.
3         In cases in which one party is incarcerated and proceeding without counsel, Local Rule
4   230(*l*) governs the briefing on summary judgment motions.  "Opposition, if any, to the granting
5   of the motion shall be served and filed by the responding party not more than twenty-one (21),
6   days after the date of service of the motion."  *Id.*  A responding party's failure "to file an
7   opposition or to file a statement of no opposition may be deemed a waiver of any opposition to
8   the granting of the motion and may result in the imposition of sanctions."  *Id*.
9   Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds
10  for imposition by the Court of any and all sanctions authorized by statute or Rule or within the
11  inherent power of the Court."  Local Rule 110.
12        As plaintiff has not opposed defendants' motion for summary judgment, the undersigned
13  deems this a waiver of opposition.  Furthermore, as discussed in the context of plaintiff's own
14  motion for summary judgment, plaintiff has failed to submit any evidence upon which a
15  reasonable fact finder could render a judgment in his favor as to the material facts in dispute.
16  *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
17  247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir.
18  1994).  Accordingly, defendants' motion for summary judgment must be granted.
19        Accordingly, IT IS HEREBY ORDERED that:
20        1.  Plaintiff's motion for sanctions (ECF No. 61) is denied;
21        2.  Plaintiff's motion to reopen discovery (ECF No. 63) is denied;
22        3.  Plaintiff's motion for extension of time (ECF No. 77) is denied; and
23        4.  Plaintiff's motion for disqualification (ECF No. 78) is denied.
24        IT IS HEREBY RECOMMENDED THAT:
25        1.  Plaintiff's motion for partial summary judgment (ECF No 50) be denied; and
26        2.  Defendants' motion for summary judgment (ECF No. 57) be granted and this case
27            closed.
28        These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 23, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7