UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RONNIE FRANKLIN ONLEY, | No. 2:22-cv-01795 WBS EFB |
| Plaintiff, | |
| v. | ORDER |
| D. DAVIS, et al., | |
| Defendants. | |

----oo0oo----

Plaintiff proceeds without counsel in this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The parties have filed cross motions for summary judgment. (Docket Nos. 50, 57.) On January 24, 2025, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (Docket No. 79.) The

1

1  Magistrate Judge recommended denying plaintiff's motion for
2  summary judgment and granting defendant's motion for summary
3  judgment.  Plaintiff has filed objections to the findings and
4  recommendations, which the court has read and considered.
5  (Docket No. 80.)
6          In accordance with the provisions of 28 U.S.C. §
7  636(b)(1)(C) and Local Rule 304, this court has conducted a de
8  novo review of this case.  Having carefully reviewed the entire
9  file, the court agrees that plaintiff's motion for partial
10 summary judgment on his due process claims against Davis and
11 Dahoda and retaliation claims against Davis (Docket No. 50)
12 should be denied, for the reasons discussed by the Magistrate
13 Judge.
14         The court also agrees that defendants' motion for
15 summary judgment should be granted, albeit on different grounds
16 than those relied upon the Magistrate Judge.  Rather than adopt
17 the Magistrate Judge's recommendation that defendants' motion be
18 granted primarily based plaintiff's failure to file an
19 opposition, the court finds that, based on the evidence before
20 the court, there is no genuine dispute of material fact as to
21 each of plaintiff's claims, and thus defendants are entitled to
22 summary judgment.
23         The Magistrate Judge previously found that plaintiff's
24 First Amended Complaint stated the following potentially
25 cognizable claims: (1) due process claims against defendants
26 Davis and Dohoda based on their alleged planting of a knife in
27 plaintiff's cell and destruction of video footage of the
28 incident; (2) a Fourth Amendment claim against defendant Davis

based on his two strip searches; and (3) a First Amendment retaliation claim against defendants Harrod and Davis based on their alleged failure to send out plaintiff's habeas petition to the California Supreme Court.  (Docket No. 29.)  The court now considers whether plaintiff's evidence is sufficient to permit him to proceed to trial on those claims.

I.   Fourteenth Amendment Claims

The court first addresses plaintiff's claims that Dohoda and Davis violated his due process rights under the Fourteenth Amendment based on fabrication of evidence.  "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty."  Caldwell v. City & Cnty. of San Francisco, 889 F.3d 1105, 1115 (9th Cir. 2018) (cleaned up).  Being criminally charged constitutes a deprivation of liberty, even if the plaintiff is not ultimately convicted.  Id.  "[W]ithholding exculpatory evidence cannot in itself support a deliberate-fabrication-of-evidence claim.  Deliberate fabrication, in other words, must mean something more than just a mere omission."  O'Doan v. Sanford, 991 F.3d 1027, 1045 (9th Cir. 2021) (quoting Devereaux v. Abbey, 263 F.3d 1070 (9th Cir. 2001))).[1]

Defendants appear to concede that plaintiff was criminally charged in Lassen County Superior Court as a result of

---

[1] The court is unaware of, and plaintiff has cited no case establishing that an individual can assert a § 1983 claim based on the failure to disclose exculpatory evidence where the individual was criminally charged but not convicted.

the weapon they claim they found in plaintiff's cell, which is a deprivation of liberty.  (See, e.g., Docket No. 55-1 ¶ 5.) However, plaintiff provides no evidence that defendants deliberately fabricated any evidence -- only allegations in the complaint and his arguments in his briefing on the cross motions. While the court must view the evidence in the light most favorable to the plaintiff on defendants' motion for summary judgment, plaintiff still must point to evidence from which a jury could find in his favor.  See, e.g., Crawford-El v. Britton, 523 U.S. 574, 600 (1998); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50 (1986).  Plaintiff has not done so, and in light of defendants' declarations that they in fact discovered the weapon on plaintiff's person while conducting a search, the court must grant summary judgment for Dohoda and Davis on plaintiff's claim that they violated his due process by planting a knife in his cell.

The court must also grant summary judgment for Dohoda and Davis on plaintiff's claim they violated his due process in destroying or failing to retain video footage of the August 8, 2018 incident.  Plaintiff only alleges that defendants withheld evidence in the form of video footage that purportedly would show his innocence, not that defendants fabricated any evidence in connection with the video footage which deprived him of liberty. See O'Doan, 991 F.3d at 1045 (mere withholding of exculpatory evidence cannot support a deliberate-fabrication-of-evidence claim).  Moreover, plaintiff has produced no evidence that any video footage exists or ever existed.  To the contrary, defendants have produced evidence that no such video was ever

4

recorded.  Thus, plaintiff cannot show that any official deliberately fabricated evidence or that any deliberate fabrication caused a deprivation of his liberty.

II.  Fourth Amendment Claim

The court next addresses plaintiff's claim that his two strip searches on August 8, 2018 violated the Fourth Amendment. Here, the searches were visual only, with no touching by the officers and no female officers present, and in the shower area and in the holding cell in the program office, away from and out of sight of other inmates.  Moreover, at the time of both searches, plaintiff had been temporarily out of sight of prison staff, and thus potentially had the ability to obtain contraband. These searches were reasonable under the circumstances.  See Thompson v. Souza, 111 F.3d 694, 700-01 (9th Cir. 1997); Michenfelder v. Sumner, 860 F.2d 328, 332-34 (9th Cir. 1988). Further, it was not clearly established that under these circumstances, such searches violated plaintiff's Fourth Amendment right, and thus qualified immunity applies.  See Saucier v. Katz, 533 U.S. 194, 202 (2001), overruled on other grounds by Pearson v. Callahan, 555 U.S. 223, 232 (2009). Accordingly, the court will grant summary judgment for defendant Davis on plaintiff's Fourth Amendment claim.

III. First Amendment Retaliation Claim

Last, the court addresses plaintiff's First Amendment retaliation claim against Davis and Harrod for their alleged failure to mail his legal documents and/or taking of those documents.  To prevail on a First Amendment retaliation claim, a prisoner must show that (1) a state actor took some adverse

action against him (2) because of (3) his protected conduct, (4) that such action chilled his exercise of his First Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, plaintiff merely asserts, without any evidentiary support, that Davis and Harrod intercepted his legal mail. However, the only evidence before the court indicates that neither defendant was in a position to do so during the period at issue, because neither worked in the mailroom or processed inmate mail. Further, the alleged taking of his mail occurred before the purported protected conduct, i.e., plaintiff's filing of his grievance. Thus, there is no evidence to support an inference that either defendant took an adverse action against plaintiff because of his protected conduct. See Rhodes, 408 F.3d at 567-68. Accordingly, the court will grant summary judgment for Davis and Harrod on the First Amendment retaliation claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 24, 2025 (Docket No. 79) are adopted to the extent they are consistent with this order;

2. Plaintiff's motion for partial summary judgment (Docket No. 50) is DENIED;

3. Defendants' motion for summary judgment (Docket No. 57) is GRANTED; and

4. The Clerk of Court is directed to close the case.

Dated: July 8, 2025

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6